IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JESSICA PHIPPS**                                                                                          **PLAINTIFF**

V.                              **CASE NO. 5:21-CV-5177**

**CULPEPPER COMPANY OF FAYETTEVILLE**                                      **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Defendant Culpepper Company of Fayetteville ("Culpepper") moves to dismiss Plaintiff Jessica Phipps's Complaint pursuant to Federal Rule of Civil Procedure 12(c).[1] See Docs. 7 & 8. Ms. Phipps responded to the Motion (Doc. 9), and Culpepper filed a reply (Doc. 12). On January 5, 2022, the Court held a hearing on the Motion, and both parties presented oral argument. The Court ruled from the bench, granting the Motion. The following Order explains the Court's ruling in greater detail; to the extent anything in this Order conflicts with what was stated from the bench, this Order will control.

### I. BACKGROUND

This is not the first federal lawsuit Ms. Phipps has brought against her former employer, a corporation that owns multiple Subway Sandwich Shop locations in Northwest Arkansas. Ms. Phipps previously filed suit in this Court on December 8, 2020, in Case Number 5:20-CV-5210, *Phipps v. Culpepper Company of Fayetteville, et al.*

---

[1] The Motion cites Rule 12(b)(6), but since Defendant filed an answer prior to filing the Motion, Rule 12(c) governs this request for dismissal. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cr. 1990) ("Technically . . . a Rule 12(b)(6) motion cannot be filed after an answer has been submitted."). However, the distinction between a motion for judgment on the pleadings under 12(c) and a motion to dismiss under 12(b)(6) "is purely formal, because we review [a] 12(c) motion under the standard that governs 12(b)(6) motions." *Id.*

1

("*Phipps I*"). The Court takes judicial notice of the complaint, amended complaint, offer of judgment, and notice of acceptance of offer of judgment that were filed in the prior case. See *Phipps I*, Docs. 2, 7, 20, 23. In *Phipps I*, Ms. Phipps contended in her original complaint that she was employed as a manager of multiple Subway stores, and during that time, she was not paid overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). *Phipps I*, Doc. 2.

On January 6, 2021, she filed an amended and substituted complaint in *Phipps I*, informing the Court that on the day she filed her original complaint, her employer fired her. *Phipps I*, Doc. 7. She claimed she was terminated "in retaliation for asserting her rights under the FLSA." *Id.* at p. 9. According to Ms. Phipps, on December 8—the day she filed the original complaint—she "reached out to her co-workers via text message to notify them that she had filed this lawsuit and to see if any of them were interested in joining the lawsuit." *Id.* Then, "[o]ne hour after Phipps texted her co-workers about the lawsuit, Defendant contacted Phipps and terminated her employment." *Id.* As a result, Ms. Phipps filed an amended complaint that added a claim against Culpepper for FLSA-based retaliation. The amended complaint also asserted a new claim for FLSA violations by Alizia Gill-Fetty, another Culpepper employee, as well as a collective-action claim under the FLSA for overtime compensation.

On March 12, 2021, before any collective action was certified by the Court in *Phipps I*, Culpepper made Ms. Phipps an individual offer of judgment under Rule 68 in the amount of $25,000.00, inclusive of attorneys' fees and costs. *Phipps I*, Doc. 20. The offer specified:

> In the event this offer is accepted in writing by Plaintiff, Jessica Phipps, it is understood and agreed that such acceptance shall be in full satisfaction of

2

>
> this claim and cause of action; that judgment shall be entered therein for the amount offered; that the Plaintiff shall be forever barred to assert this claim or cause of action against the Defendants.

*Id.* Ms. Phipps accepted the offer of judgment on March 16. *Phipps I*, Doc. 23. On March 23, the Court entered a text-only order directing the Clerk to enter judgment in Ms. Phipps's favor in the amount of $25,000.00, and the Clerk did so. *Phipps I*, Docs. 24 & 25. The remaining plaintiff, Ms. Gill-Fetty, settled with Culpepper shortly after that, and the case was dismissed.

Less than seven months after she accepted the offer of judgment, Ms. Phipps filed the instant lawsuit, which the Court will refer to as "*Phipps II*." In *Phipps II*, Ms. Phipps advances different legal theories to explain why she was fired, namely, sex discrimination under Title VII (due to her pregnancy) and retaliation for taking leave under the Family Medical Leave Act ("FMLA"). She demands compensation for "loss of employment, lost wages and salary, benefits, interest, and attorney's fees and costs," (Doc. 2, p. 11)—the very same remedy she demanded in *Phipps I* to compensate her for retaliatory firing under the FLSA. She agreed in *Phipps I* that $25,000.00 fully compensated her for the loss of her employment (including any lost income stemming from her firing). That amount also fully compensated her for unpaid overtime compensation owed to her and attorney's fees and costs.

During the motion hearing in *Phipps II* on January 5, Ms. Phipps's attorney conceded that her claim for unlawful termination should be dismissed on res judicata grounds. He argued, however, that Ms. Phipps had also stated a plausible claim for lost wages under the FMLA, and that this claim was new and had not been raised in *Phipps I*. Below, the Court will set forth the relevant legal standard governing a motion for

judgment on the pleadings under Rule 12(c). Then, the Court will consider whether the doctrine of res judicata requires dismissal of some or all of the claims.

## II. LEGAL STANDARD

### A. Motion for Judgment on the Pleadings

Under Rule 12(c) (as under Rule 12(b)(6)), a court must dismiss a complaint unless it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Culpepper argues Ms. Phipps's claims in *Phipps II* arise from the same facts and circumstances as her claims in *Phipps I*, which were dismissed with prejudice. Therefore, according to Culpepper, Ms. Phipps's claims in *Phipps II* are barred under the doctrine of res judicata and must be dismissed pursuant to Rule 12(c).

### B. Res Judicata

Federal principles of res judicata apply when the prior judgment arose in federal court under federal-question jurisdiction. *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982). Moreover, "Final judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds which could have been raised in the prior action." *Id.* "Having failed to recover on one theory of recovery, a litigant cannot attempt to relitigate the same claim under a different theory of recovery." *Id.* "Res judicata prevents the splitting of a single cause of action and the use of several theories of recovery as the basis for separate lawsuits." *Friez v. First Am. Bank & Trust of Minot*, 324 F.3d 580, 581 (8th Cir. 2003) (citing *Hartsel Springs Ranch v. Bluegreen Corp.*, 296 F.3d 982, 986 (10th Cir. 2002)).

According to the Eighth Circuit, the doctrine of res judicata bars the relitigation of a claim if the following five elements are satisfied:

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. Furthermore, the party against whom res judicata is asserted must (5) have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

*Rutherford v. Kessel*, 560 F.3d 874, 877 (8th Cir. 2009) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)).

### III. DISCUSSION

Ms. Phipps does not dispute that elements (1) through (3) of the res judicata test cited above are satisfied here. The part of the test she disputes is element (4), as she contends that *Phipps I* and *II* are not premised upon the same claims. Specifically, she argues that she asserted a new claim in *Phipps II* for lost wages under the FMLA (though she concedes that her claim for wrongful termination under the FMLA leave is barred). Conveniently, she fails to consider item (5) of the test, which asks whether she had a full and fair opportunity to litigate all her new claims in the prior case.

The Eighth Circuit has held that "a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." *Banks v. Int'l Union Electronic*, 390 F.3d 1049, 1052 (8th Cir. 2004) (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990)). All claims in *Phipps II* arose out of the same nucleus of operative facts as the claims in *Phipps I*. The two lawsuits concern the time-period immediately before Ms. Phipps's firing on December 8, 2020. According to the Eighth Circuit's opinion in *Lane*:

> [R]eliance . . . on different substantive law and new legal theories does not preclude the operation of res judicata . . . . [W]here a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by

a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim.

899 F.2d at 744. Moreover, Ms. Phipps was or should have been aware of the existence of any FMLA claims for lost wages before she filed the amended complaint in *Phipps I*—but she failed to raise such claims in that lawsuit. According to the Eighth Circuit's opinion in *Poe*, "Final judgment on the merits precludes the relitigation of a claim on any grounds raised before *or on any ground which could have been raised in the prior action.*" 695 F.2d at 1105 (emphasis added). Ms. Phipps cannot repackage the same nucleus of operative facts from *Phipps I* as a new lawsuit.[2] Accordingly, all claims in *Phipps II* are barred due to res judicata, and the case is dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion (Doc. 7) is **GRANTED**. The case is **DISMISSED WITH PREJUDICE**, and judgment will enter contemporaneously with this order.

**IT IS SO ORDERED** on this 6th day of January, 2022.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[2] Further, even if Ms. Phipps's claim for lost wages under the FMLA were not subject to res judicata, it would still be subject to dismissal under Rule 12(c) for failure to state a claim. According to the Complaint in *Phipps II*, Ms. Phipps returned from FMLA leave on December 7, 2020, and was informed that day that three of her stores would be closed due to the coronavirus pandemic, that her supervisor would be taking over Ms. Phipps's scheduling duties, and that Ms. Phipps's hours would be slashed from forty-four hours per week to twelve hours per week going forward. (Doc. 2, ¶¶ 33–36). The Complaint fails to assert that these threatened harms ever came to fruition—or damaged Ms. Phipps in any way—because she was terminated the next day, December 8. *Id.* at ¶ 42. A claim for lost wages under the FMLA is therefore implausible.

6